UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN ANJORIN,

          Plaintiff,         Civil Action No. 19-11719
                                     Honorable Mark A. Goldsmith
v.                                   Magistrate Judge David R. Grand

CRAIG CRUMPLER, RAYMOND
SHERROD, and UNITED STATES
POSTAL SERVICE,

          Defendants.

_____/

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 14)

*Pro se* Plaintiff Stephen Anjorin ("Anjorin") commenced this action on June 10, 2019. (ECF No. 1). Now pending before the Court is a Motion to Dismiss, filed by Defendants Craig Crumpler, Raymond Sherrod, and the United States Postal Service (collectively "Defendants") on November 22, 2019. (ECF No. 14). Anjorin filed a response to this motion on January 28, 2020 (ECF No. 18), and Defendants filed a reply on February 11, 2020 (ECF No. 19).

An Order of Reference was entered on September 20, 2019, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 13). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.      REPORT**

    **A.      Factual Background**

Anjorin brings this action for money damages against the United States Postal Service ("USPS") and two of its employees, Craig Crumpler (Anjorin's mail carrier) and Raymond Sherrod (Crumpler's supervisor). In his complaint, Anjorin broadly asserts that the named defendants were involved in the "[n]egligent transmission of mails at several times, [as well as the] miscarriage, loss and destruction of mails from 2017 till [sic] present." (ECF No. 1, PageID.2). More specifically, Anjorin alleges that, in April 2017, he complained that his mail was being returned to sender. (*Id.*, PageID.3). According to Anjorin, Crumpler "replied that the frontage of his residence was filthy, [he] could not deliver Plaintiff's mail, were returned to the Post office." (*Id.*).

Anjorin indicates that, subsequently, "there seemed to be an improvement with the mail situation," except that in July 2017 and December 2017, there were incidents where his mail was lost, dropped on the pavement, or "beaten by rain." (*Id.*). Anjorin claims that he reported Crumpler's actions to Sherrod, after which there was "little or no improvement," making it "look like a conspiracy to deliberately withhold and loose [sic] the Plaintiff's mail." (*Id.*). Anjorin further alleges that, since May 2018, he has "only received one mail from [Crumpler], on the excuse that a car is park[ed] in Plaintiff's garage, which obstruct[s] him to get to the mail box …." (*Id.*, PageID.3-4).

Anjorin's complaint contains five causes of action: (1) gross negligence; (2) breach of contract; (3) violation of his 5th and 14th Amendment rights to due process (against the USPS); (4) conspiracy to violate his civil rights; and (5) "supervisory liability" (against

Sherrod). (*Id.*, PageID.4-9). Defendants now move to dismiss Anjorin's complaint in its entirety for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 14).

### B. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the Court's subject-matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack questions the sufficiency of the pleadings, taking all allegations in the complaint as true. *Id.* Conversely, where subject matter jurisdiction is factually attacked, the plaintiff "bears the burden of proving jurisdiction to survive the motion, and 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Harris-Orr v. Ruskin*, No. 04-72914, 2005 WL 2397011, at *1 (E.D. Mich. Sept. 27, 2005) (quoting *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading[.]" *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would

4

be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] … is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Rather, such "complaints still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

    **C.**    **Analysis**

        *1.*    *The Court Lacks Subject Matter Jurisdiction Over Anjorin's Gross Negligence and Breach of Contract Claims*

Defendants argue, and the Court agrees, that Anjorin's gross negligence claim must be dismissed for lack of subject matter jurisdiction because this claim is barred by sovereign immunity. (ECF No. 14, PageID.8-10). Sovereign immunity precludes suits against the United States and its agencies, unless Congress expressly and unequivocally waives immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).

In the instant case, Anjorin has set forth claims against the USPS, which under the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101, *et seq.*, is an "independent establishment of the executive branch of the Government of the United States" and generally "enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 483-84 (2006) (internal quotations omitted). The PRA also provides, however, that the Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out of activities of the postal service." 39 U.S.C. § 409(c). Generally speaking, the FTCA waives sovereign immunity and confers federal court jurisdiction in cases claiming

injury or loss of property caused by the negligent or wrongful act or omission of a federal employee in the scope of his or her employment.[1] *See* 28 U.S.C. § 1346(b)(1). However, that waiver does not apply to any claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Interpreting this provision, the Supreme Court has confirmed that the USPS retains immunity "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489.

Here, accepting the allegations in Anjorin's complaint as true, and construing the pleadings liberally, it is clear that Anjorin's gross negligence claim relates to "postal matters," thus falling squarely within the exception to the FTCA set forth in 28 U.S.C. § 2680(b). As set forth above, Anjorin alleges that, in April 2017, Crumpler "acted recklessly" when he failed to deliver mail to him, instead returning it to sender. (ECF No. 1, PageID.4). He further avers that, in July 2017, "there were lost mails due to the non challant [sic] attitude" of Crumpler. (*Id.*, PageID.3). Subsequently, Crumpler allegedly dropped Anjorin's mail on the pavement, and/or left it "on the bare floor for days," where it was "beaten by rain." (*Id.*). And, Anjorin asserts that, in December 2017, "lots of mails were lost, and other important checks missing." (*Id.*).

Despite the various terms that Anjorin uses to describe Crumpler's actions, the allegations are all related to Anjorin not receiving his mail, and thus arise "out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

---

[1] The proper defendant in an FTCA action is the United States, rather than the employee or agency in question. *See* 28 U.S.C. § 2679(b)(1).

Thus, Anjorin's gross negligence claim falls under the "postal matter" exception because it is rooted in "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."[2] *Dolan*, 546 U.S at 489. In accordance with § 2680(b), courts have consistently dismissed claims against the USPS relating to lost mail. *See Moreland v. U.S. Post Office Gen.*, No. 14-13147, 2015 WL 2372322, at *3 (E.D. Mich. May 18, 2015) ("Plaintiff's claims based on his allegations of negligence and loss of his mail are clearly barred by lack of subject matter jurisdiction because the United States retains sovereign immunity. Further, to the extent Plaintiff also alleges the loss, delay or theft of his mail was due to intentional actions, these claims are similarly barred by sovereign immunity.") (citing *Levasseur v. United States*, 543 F.3d 23, 24 (1st Cir. 2008)). For all of these reasons, this Court lacks subject matter jurisdiction over Anjorin's gross negligence and breach of contract claims.[3]

---

[2] The same is true for Anjorin's so-called "breach of contract" claim. In Count II of his complaint, Anjorin asserts that Defendants have breached "an implied agreement between the Plaintiff and the Defendants" "to deliver all his mails to him on a timely basis without excuses." (ECF No. 1, PageID.4-5). Despite the fact that Anjorin casts this claim as sounding in contract, it is essentially no more than a dispute over the provision of postal services. Thus, where Anjorin is claiming that Defendants withheld, destroyed, and/or failed to deliver his mail, in violation of an alleged "implied agreement" to the contrary, this claim too falls under the FTCA's "postal matter" exception and is barred by sovereign immunity. *See, e.g., LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006) ("The words echo contract, but the issues are classic questions of postal rates and services. Were we to decide otherwise, every missed mail delivery could engender a contract dispute."); *Valdez v. United States*, 365 F. Supp. 3d 1181, 1186 (D.N.M. 2019) (plaintiff's allegations – that defendant mail carrier failed to deliver packages, tampered with mail, and discriminated on the basis of race when she purposely did not deliver mail – are "all related to the non-delivery of mail – which falls squarely under the 'postal matter' exception to the FTCA").

[3] Even if this Court was vested with subject matter jurisdiction over these claims, dismissal in this case would still be appropriate. Congress imposed as a condition of a suit under the FTCA that a claimant first present an administrative claim to the appropriate federal agency, and that he pursue that claim to a final denial by the agency. The exhaustion of available administrative remedies is a jurisdictional prerequisite to maintaining a civil action against the United States for damages

### 2. Anjorin's Remaining Claims Should Be Dismissed Pursuant to Rule 12(b)(6)

In Counts III, IV, and V of Anjorin's complaint, he alleges generally that Defendants violated his constitutional right to due process and conspired to do so. (ECF No. 1, PageID.5-6). Specifically, Anjorin asserts (1) that "the constant denial of mail distribution services to the Plaintiff amounted to deprivation of rights, without due process of law provided by the 5th and 14th amendment to the U.S. Constitution"; (2) that Defendants "conspired and committed malicious acts in furtherance of their conspiracy" to "deliberately withhold a citizen's mail or destroy and loose [sic] mails belonging to the Plaintiff"; and (3) that Sherrod "did absolute[ly] nothing to correct the mistake of [Crumpler], thereby lacking in supervision ability thus making him to knowingly acquiesce in unconstitutional conduct …." (*Id.*, PageID.5, 6).

There are several problems with Anjorin's purported constitutional claims. First, they consist almost entirely of legal conclusions, supported by only the barest of factual allegations. To survive a motion to dismiss, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also O'Hara v. Wigginton*, 24 F.3d 823, 826-27 (6th Cir. 1994) (conclusory allegations of constitutional violations insufficient to state a claim). And, to state a claim for civil

---

arising from the alleged wrongful conduct of a federal employee, and the requirement cannot be waived. *See Azalam v. United States Postal Serv.*, No. 06-15390, 2007 WL 956939, at *8 (E.D. Mich. Mar. 28, 2007). Here, Anjorin's complaint fails to include allegations demonstrating compliance with the FTCA's administrative exhaustion requirements, and Defendants have proffered evidence that Anjorin did not file an administrative FTCA claim before bringing suit. Therefore, even if Anjorin could potentially bring a claim under the FTCA, he has not taken the steps necessary to properly exhaust that claim.

conspiracy under § 1983, the plaintiff must proffer facts showing that there was an agreement between two or more people to violate his constitutional rights, that there was a single plan, and that the alleged co-conspirators shared in the general conspiratorial objective. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "[I]t is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim or withstand a motion for summary judgment." *Hartsfield v. Mayer*, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) (citations omitted).

Here, Anjorin's complaint contains no factual allegations that would establish the elements of a conspiracy as described above. Moreover, his response brief makes clear that his contention is simply that Crumpler and Sherrod "[n]o doubt" had a "common unlawful purpose"; but Anjorin's subjective assessment of events that allegedly took place is not a *factual* allegation of an agreement sufficient to support his conspiracy claim. (ECF No. 18, PageID.81). At most it is the type of vague and conclusory allegation of a conspiracy that is insufficient to state a claim upon which relief can be granted. *See, e.g., Hartsfield*, 1996 WL 43541, at *3; *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Moreover, even if the Court were to construe Anjorin's allegations as attempting to

plead a *Bivens*[4] claim against Defendants, such a claim would also fail as a matter of law. To begin with, Anjorin cannot bring a *Bivens* claim against the USPS for alleged violations of his constitutional rights because such a claim is available only against individual federal employees or agents. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (*Bivens* claims cannot be implied against or extended to federal entities). Additionally, *Bivens* does not permit Anjorin to bring a claim against Sherrod, alleging "supervisory liability" for Crumpler's alleged unconstitutional actions. *See Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Jones v. City of Memphis, Tenn.*, 586 F.2d 622, 625 (6th Cir. 1978) (*respondeat superior* cannot form the basis of liability in a *Bivens* action).

Finally, even if Anjorin had pled facts sufficient to demonstrate that Defendants were personally involved in the conduct he alleged, his *Bivens* claim still would be subject to dismissal because he has not suffered any deprivation of a cognizable constitutional right. "The three contexts in which the Supreme Court has allowed a *Bivens* claim to proceed are Fourth Amendment searches, Fifth Amendment gender-discrimination claims, and Eighth Amendment failure to provide medical care claims." *Elhady v. Pew*, No. 17-12969, 2019 WL 1002414, at *7 (E.D. Mich. Mar. 1, 2019) (citing *Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1854-1855 (2017)). "If [a] case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court], then the context is new." *Ziglar*,

---

[4] An individual may seek money damages in a suit against a federal agent, individually, for violations of his constitutional rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

137 S. Ct. at 1859. And, the Supreme Court has recognized that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1856 (quoting *Iqbal*, 556 U.S. at 675).

Here, Anjorin has not alleged facts sufficient to establish a *Bivens* claim in one of the three, specifically-recognized contexts set forth above. Moreover, he has not provided any justification (and the Court cannot discern any) for expanding the *Bivens* remedy in this case. *See, e.g., Jost v. U.S. Postal Serv.*, 412 F. App'x 957, 958 (9th Cir. 2011) (loss of plaintiff's mail does not rise to level of a constitutional violation); *Ehrlich v. United States*, No. 17-01245-RAJ, 2018 WL 3608404, at *3 (W.D. Wash. July 26, 2018) (plaintiff failed to show that temporary suspension of home mail delivery constituted a violation of his First or Fifth Amendment rights); *Meeks v. Larsen*, 611 F. App'x 277, 287 (6th Cir. 2015) (court declined to extend *Bivens* remedy for First Amendment claim); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent conduct resulting in unintended loss of property is insufficient to support due process claim). Thus, Anjorin's constitutional claims are subject to dismissal.[5]

---

[5] In his complaint, Anjorin alleges a claim arising under 18 U.S.C. § 242. (ECF No. 1, PageID.5). And, in his reply brief, Anjorin asserts that the alleged conspiracy to deny him access to his mail is actionable under several statutes, including 18 U.S.C. §§ 1693, 1701, 1702, 1703, and 1705. (ECF No. 18, PageID.82). But, Title 18 describes *criminal* offenses and the penalties associated with such crimes. "[P]rivate citizens generally cannot compel the enforcement of criminal laws," especially where the criminal statutes do not "authorize a private right of action for civil liability." *Williams v. United States Postal Serv.*, No. 17-cv-782-bbc, 2018 WL 2899711, at *3 (W.D. Wisc. June 11, 2018). Thus, Anjorin has no claim in this civil action under any of the cited criminal statutes.

## II. RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss **(ECF No. 14)** be **GRANTED**.

Dated: March 17, 2020            s/David R. Grand
Ann Arbor, Michigan            DAVID R. GRAND
           United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Order and Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(a) and (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 17, 2020.

                                       s/Eddrey O. Butts
                                       EDDREY O. BUTTS
                                       Case Manager